**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Herskovitz,<br><br>Plaintiff,<br><br>-against-<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.;<br>Transunion, LLC; and<br>Verizon Wireless Services, LLC,<br><br>Defendant(s). | Case No.: 7:21-cv-1216<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Herskovitz, by and through his attorneys, and as for his Complaint against Defendants Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Transunion, LLC ("Transunion") (Experian, Transunion, and Equifax, each a "Bureau" and collectively "Bureaus"); Verizon Wireless Services, LLC ("Verizon"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of New York, County of Orange.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State and may be served with process upon its registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

8. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent at CT Corporation System, 28 Liberty St., New York, NY 10005.

12. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

14. Defendant Transunion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

15. Defendant Transunion is a Delaware corporation registered to do business in this State, and may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207-2543.

16. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

17. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

18. Verizon is a Delaware corporation registered to do business in this State, and may be served with process upon its registered agent at C T Corporation System, 28 Liberty St., New York, New York, 10005.

19. Verizon is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates the above allegations as if set forth here.

21. On information and belief, on a date better known to the Bureaus, each Bureau prepared and issued credit reports concerning the Plaintiff that included a Verizon account (8892248590xxxx).

22. The Verizon tradeline relates to a wireless service account.

23. The Verizon account is not Plaintiff's and he did not incur this debt.

24. Plaintiff has no personal liability for this account.

25. Plaintiff has no connection to this account other than it being improperly reported on his credit report.

26. The information furnished by Defendant Verizon and published by the Bureaus is inaccurate since it is a collection action where the Plaintiff has either been a victim of identity theft, or a mistaken identity by the creditor.

27. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified the Bureaus that he disputed the accuracy of the information it was reporting on or around September 25, 2020, stating in separate letters sent to each Bureau that he was disputing the reporting of this trade line.

29. Additionally, the Plaintiff included in his dispute an ID Theft Affidavit, reaffirming that he was a victim of fraud and identity theft, in relation to this Verizon account.

30. Upon information and belief, each Bureaus notified Verizon of Plaintiff's dispute.

31. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Verizon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

32. Had Verizon done a reasonable investigation it would have been revealed to Verizon that the account is incorrectly attributed to the Plaintiff.

33. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

34. The Bureaus violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

35. Defendants' actions described herein violated 15 U.S.C. § 1681i.

36. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

37. As of the date of the filing of this Complaint, Verizon continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

38. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

39. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

40. Plaintiff has, inter alia, suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from

credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

41. Plaintiff incorporates the above allegations as if set forth here.

42. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

43. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

44. Equifax has willfully and recklessly failed to comply with the Act.

45. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer

46. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

47. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

48. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Equifax)**

49. Plaintiff incorporates the above allegations as if set forth here.

50. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

51. Equifax violated 15 U.S.C. § 1681i (a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain or reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

52. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

f) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

54. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Experian)**

56. Plaintiff incorporates the above allegations as if set forth here.

57. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

58. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

59. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

f) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

60. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

61. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Experian)**

63. Plaintiff incorporates the above allegations as if set forth here.

64. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

65. Experian violated 15 U.S.C. § 1681i (a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

66. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

f) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

67. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

68. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**FIFTH CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Transunion)**

70. Plaintiff incorporates the above allegations as if set forth here.

71. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

72. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

73. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

f) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

74. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

75. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**SIXTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Transunion)**

77. Plaintiff incorporates the above allegations as if set forth here.

78. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

79. Transunion violated 15 U.S.C. § 1681i (a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

80. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

f) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

81. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

82. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**SEVENTH CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Verizon)**

84. Plaintiff incorporates the above allegations as if set forth here.

85. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

86. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

87. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

89. Defendant Verizon violated 15 U.S.C. § 1681s-2 as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

90. Defendant Verizon continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the existence of identity theft or mistaken identity in relation to this account.

91. As a result of the conduct, action, and inaction of the Verizon, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

92. The conduct, action, and inaction of Verizon was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Defendant Verizon for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**EIGHTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Verizon)**

94. Plaintiff incorporates the above allegations as if set forth here.

95. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

96. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

97. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

99. As described above, Verizon is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

100. After receiving the Dispute Notices from the Bureaus, Verizon negligently failed to conduct its reinvestigation in good faith.

101. A reasonable investigation would require a furnisher such as Verizon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

102. The conduct, action and inaction of Defendant Verizon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

103. As a result of the conduct, action and inaction of the Verizon, the Plaintiff suffered damage by a decreased credit score due to the inaccurate information on Plaintiff's

credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

104. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Herskovitz, an individual, demands judgment in his favor against Verizon for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

105. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages;

b) For statutory damages;

c) For punitive damages;

d) For reasonable attorney's fees;

e) For costs, expenses, and disbursements of this action;

f) For pre-judgment interest and post-judgment interest; and

g) For any such other and further relief as this Court may deem just and proper.

Dated: February 10, 2021

**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com