JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3733
JGROSS@JONESDAY.COM

July 23, 2021

VIA ECF

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Herskovitz v. Equifax Info. Servs., LLC et al.*, No. 7:21-cv-01216

Dear Judge Halpern:

We represent Defendant Experian Information Solutions, Inc. ("Experian") and write pursuant to Section 2.C of Your Honor's Individual Practices to request a pre-motion conference in anticipation of filing a Rule 12(c) Motion for Judgment on the Pleadings, as well as a Motion to Stay Discovery during the pendency of that Rule 12(c) motion. As detailed below, according to Plaintiff's complaint and the documents integral thereto, Plaintiff failed to comply with the requirements of 15 U.S.C. § 1681c-2 for blocking information resulting from an alleged identity theft. As a result, and in accordance with longstanding principles of statutory construction and precedent within the Second Circuit, Plaintiff's Fair Credit Reporting Act ("FCRA") claims brought under Sections 1681e(b) and 1681i against Experian necessarily fail as a matter of law. And because Experian's anticipated Rule 12(c) motion is grounded in established law and will be dispositive of the entire case, a stay of discovery is warranted pending its adjudication.

**A. Relevant Background**

The facts relevant to Experian's anticipated Rule 12(C) motion are few and undisputed. Plaintiff alleges that, on September 25, 2020, he sent a letter to Experian disputing the Verizon

account on his consumer disclosure as inaccurate and attaching an "ID Theft Affidavit, reaffirming that he was a victim of fraud and identity theft, in relation to his Verizon account." ECF No. 1, Compl. ¶¶ 28-29. The letter and affidavit are attached hereto as Exhibit A. Relevant here, the "ID Theft Affidavit" provided by the Plaintiff does not provide any details of the purported identity theft. Nor was the "Affidavit" filed with any law enforcement agency. Indeed, the document expressly admits that Plaintiff had *not* "reported the events described in this affidavit to the police or other law enforcement agency," Ex. A at 4, and contains a request at the bottom of each page that the affidavit not be sent "to the FTC or any other government agency." *Id.* at 2-6.

Plaintiff alleges that "[d]espite the dispute by the Plaintiff that the information on his consumer report was inaccurate" because it was the result of identity theft, Experian did not remove the Verizon account from his consumer disclosure. Compl. ¶¶ 33-34. Instead, Experian sent Plaintiff a letter on October 15, 2020 (attached as Exhibit B) informing him that, while it had "received the copy of the identity theft report that [he] provided," Experian needed "additional information"—namely, "validation that the report was filed with a federal, state or local law enforcement agency"—"to process [Plaintiff's] request to block information in [his] personal credit report due to identity theft."[1] Ex. B. at 2. Experian also "notified Verizon of Plaintiff's dispute," after which Verizon verified the accuracy of Experian's reporting. Compl. ¶ 30.

---

[1] Although Plaintiff did not attach his September 25, 2020 correspondence to his Complaint, Plaintiff's "complaint relies heavily upon its terms and effect, which renders the document integral to the complaint" and thus properly considered on a Rule 12(c) motion like the one contemplated by Experian. *E.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal citation and quotation marks omitted). Experian's October 15, 2020 response is likewise "integral to the complaint" and therefore properly considered on a Rule 12(c) motion.

Plaintiff did not provide Experian with the requested additional information. Instead, he initiated this lawsuit.

**B. The FCRA Contains Specific Requirements For Blocking Account Information That A Consumer Alleges To Be The Result Of Identity Theft.**

Although not mentioned anywhere in Plaintiff's complaint, the FCRA contains a specific provision for blocking information in a consumer's credit report that is alleged to have resulted from identity theft. That statute, 15 U.S.C. § 1681c-2, provides in relevant part:

> Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
>
> (1) appropriate proof of the identity of the consumer;
>
> (2) a copy of an identity theft report;
>
> (3) the identification of such information by the consumer; and
>
> (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a). An "identity theft report," in turn, is defined as:

> "[A]t a minimum, a report — (A) that alleges an identity theft; (B) that is a copy of an official, valid report filed by a consumer with an appropriate Federal, State, or local law enforcement agency . . . ; and (C) the filing of which subjects the person filing the report to criminal penalties relating to the filing of false information if, in fact, the information in the report is false."

15 U.S.C. § 1681a(q)(4). In other words, before a consumer reporting agency, like Experian, is required to block information that a consumer claims is the result of identity theft, the consumer must provide Experian with, *inter alia*, a report that was actually filed with law enforcement. If a consumer fails to provide Experian with that information, the regulations promulgated by the

CFPB expressly permit Experian to request "additional information or documentation . . . for the purpose of determining the validity of the alleged identity theft." 12 CFR § 1022.3(i)(1)(iii).

Plaintiff's complaint confirms that Plaintiff did not provide Experian with an "identity theft report," as that term is defined by 15 U.S.C. § 1681a(q)(4), sufficient to trigger any obligation by Experian to block Plaintiff's Verizon account under 15 U.S.C. § 1681c-2. Indeed, by Plaintiff's own admission, as of the time that Plaintiff sent his dispute to Experian, he had not reported the purported identity theft to the police—a threshold requirement of Section 1681c-2. Ex. A at 4.

### C. Plaintiff's Failure To Comply With The Requirements Of Section 1681c-2 Bars His Section 1681e(b) And 1681i Claims As A Matter Of Law.

Having failed to avail himself of the specific procedures provided by the FCRA for removing account information purportedly resulting from identity theft, longstanding principles of statutory interpretation preclude Plaintiff from running an end-run around that statute by bringing claims against Experian under Sections 1681e(b) and 1681i.[2] "When interpreting a statute, [courts] are required to give effect, if possible, to every clause and word of a statute, and to avoid statutory interpretations that render provisions superfluous." *E.g.*, *United States v. Kozeny*, 541 F.3d 166, 174 (2d Cir. 2008) (internal citations and quotation marks omitted). Because Plaintiff's reading of Sections 1681e(b) and 1681i as imposing liability upon CRAs when a plaintiff does not comply with Section 1681c-2 "threatens to render the entire provision [of Section 1681c-2] a nullity," that interpretation must be rejected. *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 137 (2007).

[2] 15 U.S.C. § 1681e(b) requires credit reporting agencies ("CRA") to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom [a credit] report relates," whereas 15 U.S.C. § 1681i(a)(1)(A) obligates CRAs to "conduct a reasonable reinvestigation to determine whether disputed information is accurate."

Precedent supports that conclusion. In *Grayson v. Equifax Credit Information Services*, the court granted a motion to dismiss a Section 1681e(b) claim predicated on the reporting of an account purportedly opened by reason of identity theft where, as here, the pleadings showed that the plaintiff had not provided the CRA with an "identity theft report" pursuant to Section 1681c-2. No. 18-CV-6977 (MKB), 2021 WL 2010398, at *6, *8 (E.D.N.Y. Jan. 29, 2021). As the Court explained, given that the CRA "reasonably requested additional documents from Plaintiff numerous times in order to verify the identity theft and could not do so based on Plaintiff's submissions" (as permitted by 12 CFR § 1022.3(i)(1)(iii)), Plaintiff had failed to "plausibly allege[] that Defendant failed to follow reasonable procedures to ensure the accuracy of the information." *Id.* at *8. Other courts have held similarly. *See, e.g.*, *Huffman v. Experian Info. Sols., Inc.*, No. 19-cv-07408, 2021 WL 1561304 (N.D. Cal. Apr. 14, 2021) (dismissing Section 1681i claim for similar reason).

Thus, because Plaintiff failed to provide Experian with a valid "identity theft report," principles of statutory interpretation and precedent preclude Plaintiff from bringing claims under Sections 1681e(b) and 1681i against Experian here. And because those meritorious arguments are dispositive of Plaintiff's entire complaint, a stay of discovery is warranted pending the adjudication of Experian's forthcoming motions. *See, e.g.*, *Johnson v. N.Y.U. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Experian therefore respectfully requests a pre-motion conference in advance of filing a Rule 12(c) Motion and a Motion to Stay Discovery.

Respectfully submitted,

/s/ *James M. Gross*

James M. Gross
Justin B. Harris
JONES DAY
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
Email: jgross@jonesday.com
justinharris@jonesday.com

Victoria Dorfman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3687
Email: vdorfman@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

cc: All Counsel of Record (via ECF)

# EXHIBIT A

**Joseph Herskovitz**
[redacted]
Monroe, NY 10950

**Social Security #** [redacted]

09-25-2020

**VIA CERITIFED MAIL**
**EXPERIAN**
PO BOX 9554
ALLEN, TX 75013

To Whom It May Concern:

As per notarized ID Theft Affidavit enclosed, please have the fraudulent account listed below deleted off my credit report as I am not responsible for it. I have never been involved in anything dealing with this account. I am a victim of identity theft and never opened such account:

- VERIZON # 889224XXXXXXXX

Sincerely,

**Joseph Herskovitz**

*Name* Joseph Herskovitz *Phone number* [redacted] *Page 1*

# ID Theft Affidavit

**Victim Information**

(1) My full legal name is Joseph Herskovitz
(First) (Middle) (Last) (Jr., Sr., III)

(2) (If different from above) When the events described in this affidavit took place, I was known as

(First) (Middle) (Last) (Jr., Sr., III)

(3) My date of birth is [redacted]
(day/month/year)

(4) My Social Security number is [redacted]

(5) My driver's license or identification card state and number are [redacted]

(6) My current address is [redacted]

City Monroe State NY Zip Code 10950

(7) I have lived at this address since 11 / 1984
(month/year)

(8) (If different from above) When the events described in this affidavit took place, my address was

City ____ State ____ Zip Code ____

(9) I lived at the address in Item 8 from ____ until ____
(month/year) (month/year)

(10) My daytime telephone number is [redacted]

My evening telephone number is (___)________

DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name Joseph Horskovitz Phone number [redacted] Page 2

## How the Fraud Occurred

**Check all that apply for items 11 - 17:**

(11) ☑ I did not authorize anyone to use my name or personal information to seek the money, credit, loans, goods or services described in this report.

(12) ☑ I did not receive any benefit, money, goods or services as a result of the events described in this report.

(13) ☑ My identification documents (for example, credit cards; birth certificate; driver's license; Social Security card; etc.) were ☐ stolen ☑ lost on or about ________________.
(day/month/year)

(14) ☐ To the best of my knowledge and belief, the following person(s) used my information (for example, my name, address, date of birth, existing account numbers, Social Security number, mother's maiden name, etc.) or identification documents to get money, credit, loans, goods or services without my knowledge or authorization:

| | |
|---|---|
| Name (if known) | Name (if known) |
| Address (if known) | Address (if known) |
| Phone number(s) (if known) | Phone number(s) (if known) |
| Additional information (if known) | Additional information (if known) |

(15) ☑ I do NOT know who used my information or identification documents to get money, credit, loans, goods or services without my knowledge or authorization.

(16) ☐ Additional comments: (For example, description of the fraud, which documents or information were used or how the identity thief gained access to your information.)

(Attach additional pages as necessary.)

DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name Joseph Herskovitz Phone number [redacted] Page 3

## Victim's Law Enforcement Actions

(17) (check one) I ☑ am ☐ am not willing to assist in the prosecution of the person(s) who committed this fraud.

(18) (check one) I ☑ am ☐ am not authorizing the release of this information to law enforcement for the purpose of assisting them in the investigation and prosecution of the person(s) who committed this fraud.

(19) (check all that apply) I ☐ have ☑ have not reported the events described in this affidavit to the police or other law enforcement agency. The police ☐ did ☑ did not write a report. *In the event you have contacted the police or other law enforcement agency, please complete the following:*

| | |
|---|---|
| **(Agency #1)** | (Officer/Agency personnel taking report) |
| (Date of report) | (Report number, if any) |
| (Phone number) | (email address, if any) |
| **(Agency #2)** | (Officer/Agency personnel taking report) |
| (Date of report) | (Report number, if any) |
| (Phone number) | (email address, if any) |

## Documentation Checklist

Please indicate the supporting documentation you are able to provide to the companies you plan to notify. Attach copies (NOT originals) to the affidavit before sending it to the companies.

(20) ☑ A copy of a valid government-issued photo-identification card (for example, your driver's license, state-issued ID card or your passport). If you are under 16 and don't have a photo-ID, you may submit a copy of your birth certificate or a copy of your official school records showing your enrollment and place of residence.

(21) ☑ Proof of residency during the time the disputed bill occurred, the loan was made or the other event took place (for example, a rental/lease agreement in your name, a copy of a utility bill or a copy of an insurance bill).

DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name Joseph Herskovitz Phone number [redacted] Page 4

(22) ❑ A copy of the report you filed with the police or sheriff's department. If you are unable to obtain a report or report number from the police, please indicate that in Item 19. Some companies only need the report number, not a copy of the report. You may want to check with each company.

## Signature

I certify that, to the best of my knowledge and belief, all the information on and attached to this affidavit is true, correct, and complete and made in good faith. I also understand that is affidavit or the information it contains may be made available to federal, state, and/or local law enforcement agencies for such action within their jurisdiction as they deem appropriate. I understand that knowingly making any false or fraudulent statement or representation to the government may constitute a violation of 18 U.S.C. §1001 or other federal, state, or local criminal statutes, and may result in imposition of a fine or imprisonment or both.

(signature) 9/24/20 (date signed)

[illegible]YA MIZRAHI
NOTARY P[illegible], STATE OF NEW YORK
[illegible]
[illegible] KINGS COUNTY
COMMISSION EXPIRES DEC 2[illegible] 20 21

(Notary)

*[Check with each company. Creditors sometimes require notarization. If they do not, please have one witness (non-relative) sign below that you completed and signed this affidavit.]*

**Witness:**

(signature) (printed name)

(date) (telephone number)

DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

Name Joseph Horowitz Phone number [redacted] 

# Fraudulent Account Statement

**Completing this Statement**

- Make as many copies of this page as you need. **Complete a separate page for each company you're notifying and only send it to that company.** Include a copy of your signed affidavit.
- List only the account(s) you're disputing with the company receiving this form. **See the example below.**
- If a collection agency sent you a statement, letter or notice about the fraudulent account, attach a copy of that document (**NOT** the original).

**I declare (check all that apply):**

☑ As a result of the event(s) described in the ID Theft Affidavit, the following account(s) was/were opened at your company in my name without my knowledge, permission or authorization using my personal information or identifying documents:

| **Creditor Name/Address** *(the company that opened the account or provided the goods or services)* | **Account Number** | **Type of unauthorized credit/goods/services provided by creditor** *(if known)* | **Date issued or opened** *(if known)* | **Amount/Value provided** *(the amount charged or the cost of the goods/services)* |
|---|---|---|---|---|
| Example<br>Example National Bank<br>22 Main Street<br>Columbus, Ohio 22722 | 01234567-89 | auto loan | 01/05/2002 | $25,500.00 |
| Verizon | 889224.. | cell phone | 4/2019 | $221 |
| | | | | |

☐ During the time of the accounts described above, I had the following account open with your company:

Billing name ____________________

Billing address ____________________

Account number ____________________

DO NOT SEND AFFIDAVIT TO THE FTC OR ANY OTHER GOVERNMENT AGENCY

# EXHIBIT B

PO Box 9701
Allen, TX 75013

experian™

JOSEPH HERSKOVITZ
[redacted]
MONROE NY 10950

JOSEPH HERSKOVITZ

Important Information

Report # **0400-7482-68** for **10/15/20**

We are responding to your request that information in your personal credit report be blocked due to alleged identity theft. In order to have the requested information removed from your personal credit report, you must send us a copy of a recent valid identity theft report (an official report filed with an appropriate federal, state, or local law enforcement agency, including the Federal Trade Commission or the U.S. Postal Inspection Service or others, the filing of which subjects the person who filed the report to criminal penalties if the information filed is false).

The identity theft report should include as many of the following elements as possible:

- When the loss or theft of personal information occurred or when the fraud(s) occurred
- How you discovered or learned of the theft
- Any known information about the perpetrator
- The names of creditors and account numbers involved in the theft
- Name and/or badge number of the law enforcement personnel who processed the report and
- The filing date and case number

Also enclose the below information with your request:

- One copy of a government issued identification card, such as a driver's license, state ID card, etc.
- One copy of a utility bill, bank or insurance statement, etc.
- Your full name including middle initial (and generation - JR, SR, II, III)
- Social Security number
- Date of birth
- Complete addresses for the past two years

Make sure that each copy is legible and displays your name and current mailing address and the date of issue. We are unable to accept voided checks, lease agreements, magazine subscriptions or postal service forwarding orders as proof.

To protect your personal identification information, Experian does not return correspondence sent to us. Send **copies** of any documents you wish to provide to us and always retain your original documents. You may also submit your request or documents supporting your claim electronically at experian.com/upload.

If you do not provide Experian with the required information specified above, you will not have submitted a valid request to block information in your personal credit report due to an identity theft and no information will be blocked.

If you believe you are a victim of fraud, you may want to contact your local law enforcement agency to make an identity theft report. The identity theft report should include as many of the following elements as possible: specific dates such as when the loss or theft of personal information occurred or when the fraud(s) occurred; how you discovered or learned of the theft; any known information about the perpetrator; the names of creditors and account numbers involved in the theft; name and/or

continued >

badge number of the law enforcement personnel who processed the report; the filing date and case number. You may find the following suggestions helpful:

- ***Protect Yourself** First,* make sure an Initial Security Alert or Extended Fraud Victim Alert is on file with all nationwide consumer credit reporting agencies. If you request an alert with us, we will share your request with the other nationwide consumer credit reporting agencies, Equifax and TransUnion.
- ***Inform the Sources*** Contact each source of information, including creditors and public record offices, and inform them that the account is fraudulent.
- ***Document all Contacts*** Make notes of everyone you spoke with; ask for names, department names, phone extensions; record the date you spoke to them.
- ***Understand the Process*** Each creditor may have a different process for handling a fraud claim. Make sure you understand exactly what is expected from you, and then ask what you can expect from the creditor. **At the conclusion of a dispute, ask the creditor for a document that states you are not responsible for the debt.**
- ***Follow Up*** *Make* sure everything the creditor or credit reporting agency has requested is received. It is always a good idea to place a follow up call or send a letter for confirmation.
- ***Review Reports Regularly*** We suggest that you routinely request new copies of your personal credit report to review.
- ***Don't Throw Away Files*** Keep all notes and correspondence in an accessible file in case they are needed in the future.

We received the copy of the identity theft report that you provided; however, in order to process your request to block information in your personal credit report due to identity theft, we need additional information.

Please send:

- all pages of the identity theft report, including validation that the report was filed with a federal, state or local law enforcement agency

To verify your identity, please include the following:

- Your full name including middle initial (and generation such as JR, SR, II, III)
- Social Security number
- Complete addresses for the past two years
- Date of birth
- One copy of a government issued identification card, such as a driver's license, state ID card, etc.
- One copy of a utility bill, bank or insurance statement, etc.

Make sure that each copy is legible and displays your name and current mailing address and the date of issue (statement dates must be recent). We are unable to accept credit card statements, voided checks, lease agreements, magazine subscriptions or postal service forwarding orders as proof.

To protect your personal identification information, Experian does not return correspondence sent to us. Send **copies** of any documents you wish to provide to us and always retain your original documents. You may also submit your request or documents supporting your claim electronically at experian.com/upload. Be sure to enclose a copy of the identity theft report that alleges this crime.

If you do not provide Experian with the required information specified above, you will not have submitted a valid request to block information in your personal credit report due to an identity theft and no information will be blocked.

According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue.

We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results.

In some instances we are able to determine whether the disputed information should be changed or deleted without

continued >

having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/disputeprocess.

THIS PAGE INTENTIONALLY LEFT BLANK